The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342-1620
Dear Representative King:
You have requested an Attorney General opinion concerning the power of a city of the first class in relation to a county port authority created under Act 439 of 1961. Three representatives on the port authority are appointed by the city in question. There are eight positions on the city council, one of which is vacant due to death.
Your questions are:
 (1) Can the mayor, by executive order without council approval, remove an appointment of the port authority before the specified term has expired?
 (2) If the mayor calls a special meeting with less than three hours notice, and where only four council members and the mayor are present, does this constitute a quorum sufficient enough to transact official business?
 (3) At the same meeting, can the mayor and four council members fill the council position that was vacant due to death?
 (4) At the same meeting, can the mayor and four council members replace a representative of the port authority?
RESPONSE
Question 1 — Can the mayor, by executive order without council approval,remove an appointment of the port authority before the specified term hasexpired?
It is my opinion that the mayor cannot, by executive order without council approval, remove an appointment of the port authority before the specified term has expired.
Metropolitan port authorities, such as the one you have described, are governed by the provisions of A.C.A. § 14-185-101 et seq. That set of statutes does not address the means by which appointed members of the board of the port authority may be removed from the board. The removal of board members who represent the city must therefore be governed by the more general provisions of A.C.A. § 14-42-109, under which appointed city officials can only be removed from office if the city council has provided by ordinance for the removal of appointed officials by majority vote of the council. That statute states:
 The council of any city or incorporated town may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council.
A.C.A. § 14-42-109(2). Therefore, a determination must be made as to whether the city has enacted an ordinance providing for the removal of appointed city officials. If the city has not enacted such an ordinance, it is my opinion that there is no authority for the removal of port authority board members. If the city has enacted such an ordinance, it must, pursuant to A.C.A. § 14-42-109(2), provide for removal by a majority vote of the city council, and cannot allow removal by executive order of the mayor.[1]
Question 2 — If the mayor calls a special meeting with less than threehours notice, and where only four council members and the mayor arepresent, does this constitute a quorum sufficient enough to transactofficial business?
It is my opinion that regardless of the amount of notice that may be given, in a city of the first class, four council members out of eight elected positions, plus the mayor, do not constitute a quorum sufficient to transact official business of that first class city.
In cities of the first class, a quorum is constituted by a majority of the whole number of aldermen elected to the city council, including any vacant positions. This requirement is reflected in two statutory provisions. First, A.C.A. § 14-43-501(2)(A) states:
 A majority of the whole number of aldermen shall be necessary to constitute a quorum for the transaction of business.
A.C.A. § 14-43-501(a)(2)(A).
In addition, A.C.A. § 14-55-203 states:
 To pass any bylaw, ordinance, resolution, or order, a concurrence of a majority of a whole number of members elected to the council shall be required.
A.C.A. § 14-55-203(b).
My predecessor took the position that this requirement includes vacant positions. See, e.g., Op. Att'y Gen. No. 95-229 (superseded as to quorum issue). That is, the "majority" must be a majority of the whole number of aldermen, including vacant positions. I agree with that analysis.
My predecessor also opined that the mayor cannot be counted toward constituting a quorum. See Ops. Att'y Gen. Nos. 96-384; 92-063; 91-002. Again, I agree as to cities of the first class. (It should be noted that this requirement does not apply to second class cities. A 1997 amendment to the law governing second class cities expressly allows the mayor to be counted toward a quorum in second class cities. See A.C.A. §14-44-107(a). That amendment was not made to the law governing first class cities.)
Accordingly, I conclude that regardless of notice, in a city of the first class, four council members out of eight elected positions, plus the mayor do not constitute a quorum sufficient to transact official business of that first class city.
Question 3 — At the same meeting, can the mayor and four council membersfill the council position that was vacant due to death?
No. Even though four council members would be sufficient to carry a motion to fill a vacancy on the council, they could not act unless the required quorum of five council members were present.
My conclusion regarding this issue is based upon A.C.A. §14-43-411(a)(1), which states:
 (a)(1) Whenever a vacancy shall occur, for any reason, in the office of alderman in any city of the first class, at any regular meeting after the occurrence of the vacancy, the city council shall proceed to elect by a majority vote of the remaining members elected to the council an alderman to serve for the unexpired term. Provided, however, it is necessary that at least a quorum of the whole number of the city council shall remain in order to fill a vacancy.
A.C.A. § 14-43-411(a)(1) (emphasis added).
Under this provision, four council members would constitute a "majority . . . of the remaining members," and would therefore be sufficient to carry a motion to fill a vacancy on the council. Nevertheless, this provision also makes clear that the action to fill a vacancy cannot be undertaken unless a quorum consisting of a majority of the whole number of council positions, is present. As discussed in response to Question 1, vacant positions must be counted in determining the "whole number" of council members. As also discussed, the mayor cannot be counted toward constituting the quorum. Therefore, if only four council members (out of eight council positions), plus the mayor, were present at the meeting, a sufficient quorum would not be present to transact any official business of this first class city.
Question 4 — At the same meeting, can the mayor and four council membersreplace a representative of the port authority?
No. See response to Question 2.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that although mayors in cities of the first and second class are given authority to remove "department heads," see
A.C.A. § 14-42-110, port authority board members are not "department heads" within the meaning of that grant of authority. I base this conclusion on two factors. First, the provisions of A.C.A. § 14-42-110
clearly refer to municipal departments, and county port authorities that are created under Act 439 of 1961 are not municipal departments. Second, even if county port authorities were deemed to constitute municipal departments, the individual board members could not be considered "department heads," because they do not individually exercise control over the port authority. For these reasons, I conclude that A.C.A. §14-42-110 does not give the mayor the unilateral authority to remove individual port authority board members.